UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>v.<br><br>ANGEL PEREZ-OTERO,<br>Defendant. | CRIMINAL NO. 21-474 (ADC) |

<u>UNITED STATES OF AMERICA'S MOTION REQUESTING
SECURED BOND IN THE AMOUNT OF $50,000.00</u>

For the reasons set forth below, the United States of America, through its undersigned counsel, respectfully submits that this Honorable Court set a secured bond in the amount of $50,000 for defendant Angel Perez-Otero.

I. <u>BACKGROUND</u>

On December 8, 2021, a federal grand jury returned a three-count indictment against defendant Angel Perez-Otero. Perez-Otero is the Mayor of the Municipality of Guaynabo and the President of Puerto Rico Mayors Federation.

Count One of the Indictment charges a conspiracy in violation of Title 18 U.S.C. § 371. That charge carries a maximum penalty of five years of imprisonment. Count Two of the indictment charges bribery in violation of Title 18 U.S.C. § 666. That charge carries a maximum penalty of ten years of imprisonment. Counts Three charges extortion under color of official right in violation of Title 18 U.S.C. § 1951. That charge carries a maximum penalty of twenty years of imprisonment.

On December 9, 2021, defendant was arrested by federal authorities. His initial

appearance will be scheduled by the Court.

II.  ALLEGATIONS IN THE INDICTMENT

According to the allegations in the indictment, defendant Perez-Otero, a government official and agent of Guaynabo, did knowingly and willfully conspire and agree with Individual A, and with others known and unknown to the Grand Jury, to commit offenses against the United States, including Federal Program Bribery, that is, to corruptly solicit, demand, accept, and agree to accept for his own benefit, things of value from Individual A, intending to be influenced and rewarded in connection with any business, transaction, and series of transactions of Guaynabo valued at $5,000 or more in each year of the conspiracy as opportunities arose, that is, municipal contracts.

The purpose of the conspiracy was for defendant Perez-Otero to benefit and enrich himself by accepting bribes and kickbacks from Individual A in exchange for securing municipal contracts for Company A as opportunities arose. According to the allegations, Perez-Otero accomplished this by secretly meeting with Individual A on a regular basis, where he would accept cash bribes and kickbacks.

In exchange for cash payments from Individual A, defendant Perez-Otero took steps benefitting Individual A and his business, Company A, including advising, pressuring, and directing municipal officials to ensure that Company A was awarded municipal contracts in Guaynabo and was paid pursuant to those contracts. During the course of the conspiracy, Perez-Otero and Individual A took steps to conceal and disguise their corrupt scheme, such as meeting in secret locations, communicating in coded text messages, and using cash for bribe and kickback payments.

The Indictment alleges that from late 2019 through August 19, 2021, defendant Perez-

Otero received and accepted $5,000 cash payments on a regular basis from Individual A. The evidence will show that the payments were made on an almost uninterrupted monthly basis. The only short break being when Perez-Otero became concerned after the public unsealing of an indictment against a member of the Puerto Rico House of Representatives in August 2020.

In exchange for these payments, Perez-Otero agreed to award, facilitate, and protect contracts for Company A. Perez-Otero continually reassured Individual A that he would obtain and retain contracts for Company A and ensured that Company A's invoices were promptly paid.

### III.    DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141-3156, courts may require a defendant's pre- trial detention if there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required or the safety of the community. *See* 18 U.S.C. §§ 3142(b) and 3142(e). "The government must establish risk of flight by a preponderance of the evidence, and/or dangerousness by clear and convincing evidence." *United States v. Muñiz- Alvarez*, No. 15-739, 2015 U.S. Dist. LEXIS 167693, at *3 (D.P.R. Dec. 14, 2015) (internal citations omitted). Certain offenses trigger a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(e)(1)(2). This case is not one triggering the rebuttable presumption.

Title 18 U.S.C. § 3142(g) enumerates various factors that courts must consider when assessing whether there are conditions that will reasonably assure the appearance of the defendant and the safety of the community. These factors include: (1) the nature

and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the extent to which the defendant's release would pose a danger to the community. 18 U.S.C. § 3142(g).

While the Court will consider each of the factors in setting a bond amount for Perez-Otero, the United States will highlight two of the enumerated factors we submit justify a secured bond amount of $50,000 in this case.

A. Nature and Circumstance of the Offense

Defendant is charged with several acts of official public corruption. The indictment corrupt acts lasting from late 2019 through August 19, 2021. The length and seriousness of this conduct, as well as defendant's breach of public trust, warrant a substantial bond in this case.

B. Weight of the Evidence

The weight of the evidence is a factor that Congress intended for courts to consider in deciding whether to grant a defendant bail. *See* 18 U.S.C. § 3142(g)(2); *see also United States v. Palmer-Contreras*, 835 F.2d 15, 17 (1st Cir. 1987) (affirming district court's detention order that was, in part, based on the fact that "the weight of the evidence against defendants was great.").

The weight of the evidence in this case supports a finding that defendant should receive a bond in the amount of $50,000. The evidence in possession of the United States includes, but is not limited to, the following: a) consensually recorded telephone calls; b) video recordings of bribe payments; c) text messages; d) surveillance videos; e) government contracts and their amendments; f) invoices for payment on government contracts; g) photographs of money used to make bribe payments; h) witness testimony; and i) checks

issued by the Municipality of Guaynabo in payment for contractual work. Attached below are extracts from some of the evidence highlighted above for the Court's consideration.







IV. CONCLUSION

For the reasons set forth above, this Court should set bond for defendant in the amount of $50,000 secured in addition to the standard conditions of release.

I HEREBY CERTIFY that on this date I electronically filed the present motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 9th day of December, 2021.

W. STEPHEN MULDROW
United States Attorney

*s/ Nicholas W. Cannon*
Nicholas W. Cannon
Assistant United States Attorney
USDC-PR No. G01814
United States Attorney's Office
350 Carlos Chardón Avenue, Suite 1201
San Juan, Puerto Rico 00918
Nicholas.Cannon@usdoj.gov
Tel: (787) 282-1804

s/*Scott Anderson*
Scott Anderson
Assistant U.S. Attorney
USDC-PR No. G00214
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel: (787)766-5656